JAMES BONINI
CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
_____ DIVISION

JUDGE FROST

MAGISTRATE JUDGE DEAVERS

_Myra Tanksley_

(Enter Above the Name of the Plaintiff in this Action)

vs.

**2 : 11 CV 0038**

_Franklin County, Ohio, et. al_

(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

_Please see attached sheet for Defendants_

_____

_____

_____

**COMPLAINT**

I.  Parties to the action:

Plaintiff:   Place your name and address on the lines below.  The address you give must be the address where
the court may contact you and mail documents to you.  A telephone number is required.

_Myra Jo Tanksley_

Name - Full Name/Please - PRINT

_3065 Fairwood Ave._

Street Address

_Cols  Ohio  43207_

City, State and Zip Code

_614 - 375 - 2499_

Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this
page with their full names, addresses and telephone numbers.  If there are no other Plaintiffs, continue with this
form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. _Please see attached sheet for Defendants_

Name - Full Name Please

_____

Address: Street, City, State and Zip Code

2. _____

_____

3. _____

_____

4. _____

_____

5. _____

_____

6. _____

_____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☒ Title 28 U.S.C. § 1343(3)
[A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
[A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
[A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☒ Title 42 United States Code, Section 1983
[Other federal status giving the court subject matter jurisdiction.]

-2-

## DEFENDANTS

Defendant Franklin County, OH is the county seat of Columbus, Ohio where plaintiff resides and is a government entity. It is governed by 3 county commissioners whose office is located at 373 S. High St., 26th floor, Columbus, Ohio 43215.

Defendant Paula Brooks is one of 3 Franklin County Commissioners. Her office is located at 373 S. High St., 26th floor, Columbus, Ohio 43215. She is sued in her individual and official capacity.

Defendant Marilyn Brown is one of 3 Franklin County Commissioners. Her office is located at 373 S. High St., 26th floor, Columbus, Ohio 43215. She is sued in her individual and official capacity.

Defendant John O'Grady is one of 3 Franklin County Commissioners. His office is located at 373 S. High St., 26th floor, Columbus, Ohio 43215. He is sued in his individual and official capacity.

Defendant Susan Brown is Director of Franklin County Child Support Enforcement Agency (FCCSEA). Her office is located at 80 E. Fulton St. Columbus, Ohio 43215. She is sued in her individual and official capacity.

Defendant Jon Sherman is a enforcement support officer at Franklin County Child Support Enforcement Agency which is located at 80 E. Fulton St., Columbus, Ohio 43215. He is sued in his individual and official capacity.

Defendant Eric Fenner is Executive Director of Franklin County Children's Services (FCCS). His office is located at 855 W. Mound St., Columbus, Ohio 43223. He is sued in his individual and official capacity.

Defendant Tiffany Hostetler is an attorney for Franklin County Children's Services which is located at 855 W. Mound St., Columbus, Ohio 43223. She is sued in her individual and official capacity.

Defendant Mark Rhea is an attorney for Franklin County Child Support Enforcement Agency which is located at 80 E. Fulton St., Columbus, Ohio 43215. He is sued in his individual and official capacity.

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

Please see attached sheets for Background Facts and Statement of Claim

-3-

# BACKGROUND FACTS

Plaintiff Myra Tanksley has been a registered nurse for over 20 years and is the single parent of an 17 y/o autistic son. Plaintiff has been harmed and has had to endured continuous pain and suffering, mental anguish and emotional distress from the named defendants and others. Plaintiff's constitutional rights has been continuously violated under the color of state law, defendants abuse their power and recklessly disregarded plaintiff's rights under the laws and constitution of the United States.

On 12/19/08, plaintiff took her son to Franklin County Children's Services (FCCS) per police transport because plaintiff's son was aggressive and violent. Plaintiff has been seeking services and treatment to help her son's behavior and autism. United Methodist Children's Home (UMCH) was the agency the plaintiff was linked to at the time but they didn't provide the services as stated in the service plan that I signed with them and UMCH refused to admit him to their residential treatment program. Plaintiff also had a service coordinator from Franklin County Developmental Disabilities (formerly MRDD) who told plaintiff there was nothing she could do for her son. When plaintiff's son's behavior increasingly grew worse at home and at school, plaintiff took her son to FCCS for residential treatment. Plaintiff was not able to pay for residential treatment and her son's Medicaid couldn't be used to pay for residential treatment. Plaintiff was reluctant to give up custody but was willing to do so in order for her son to get treatment.

Franklin County Developmental Disabilities also told the plaintiff they had no residential treatment for youth and they didn't offer plaintiff any crisis bed or any other services that would be adequate treatment and services for her son's aggressive and violent behavior and the crisis that the plaintiff was dealing with. Yet, plaintiff was criticized for not using respite which plaintiff felt was not the adequate treatment and services her son needed for his aggressive and violent behavior. Plaintiff had just had a meeting on December 15, 2008 with staff from Franklin County Developmental Disabilities, Franklin County Family and Children First Council, Franklin County Children's Services and United Methodist Children's Home to try to find help, treatment and services for her son. Family and Children First Council promised to try to fund 30 days of residential treatment so plaintiff wouldn't have to give up custody of her son, but Linda Gerber who was the representative for Family and Children First Council and at the meeting never contacted the plaintiff after the meeting on December 15, 2008 about helping her son. UMCH refused to admit the plaintiff's son for residential treatment and there was no appointments scheduled for plaintiff's son to see UMCH's psychiatrist and to start counseling.

Plaintiff's son has had multiple hospitalizations due to his behavior and plaintiff had constantly and persistently sought out help for her son's behavior and autism from different agencies and hospitals in Columbus, Ohio and in Ohio. FCCS was one of those agencies that plaintiff was contacting since summer of 2008 for residential treatment.

During one of the plaintiff's son hospitalizations at Ohio Hospital for Psychiatry (OHP) in October, 2008, plaintiff's son was involved in a physical altercation and suffered scratches to his body. Plaintiff was told he was in a "fight" with two other kids while in the gym. Plaintiff wasn't notified but found out when she visited her son as she did daily while he was hospitalized there. On that particular day, plaintiff found her son sad with two band-aids on him and visible scratches from the other kids attacking him. Fearful for her son's safety, plaintiff demanded that OHP discharge her son, which they did and plaintiff took him to Nationwide Children's Hospital (NCH) to find placement to continue her son's mental health treatment and medical needs. Plaintiff's son had developed a painful abscess in one of his ears while at OHP and also had a fungal infection which was being treated. When the NCH's social worker could not find placement for plaintiff's son, she contacted FCCS who sent police officers to seize plaintiff's son. He was then place in a foster home for 10 days and during that time plaintiff and her son were in emotional distress as plaintiff frantically and persistently tried to locate and contact her son and get him back home where he belonged and FCCS did not give him all the medication he was on while he was in the foster home. Plaintiff also had physical distress which caused her blood sugar to go up. FCCS and the GAL recommended that plaintiff's son be returned back home to the plaintiff. After plaintiff son's was return back home, plaintiff tried to find services and treatment for her son and was eventually linked with UMCH for outpatient psychiatry, counseling and in home therapy. However, UMCH did not schedule or provide any of those services except the in home therapy which was sparse and ineffective. After the meeting held on December 15, 2008 with the above mentioned agencies and UMCH refused to admit plaintiff's son for residential treatment on December 18, 2008 and plaintiff's son had kicked out a window on the school bus on December 18, 2008 due to another student's behavior and other behaviors at home, plaintiff decided to try to get FCCS to provide residential treatment for her son. It was a wrenching decision and plaintiff wanted desperately to be involved in all treatments, services and educational decisions for her son but that was not the case. Plaintiff was accused of neglect, munchausen's syndrome by proxy and causing my son's autistic behaviors by FCCS and had to suffer the humiliation of supervised visits with her son. Plaintiff fought to have her son placed on the autistic cottage by contacting Ohio Legal Rights Services after FCCS and the residential treatment facility placed him on a cottage that was not appropriate for his needs. Plaintiff had to fight for her son to get adequate medical care, among other abuses and neglect and had to replaced 2 sets of lost and/or stolen clothes she bought up to him from Columbus.

After plaintiff took son to FCCS on December 19, 2008, FCCS was given temporary custody of him. He was placed in Belmont Pines Hospital in Youngstown, Ohio which is almost 3 hours from where the plaintiff lives. From Belmont Pines, he was transferred to Bellefaire JCB in Shaker Heights, Ohio which is 2 ½ hours from where plaintiff lives. During his time in the temporary custody of FCCS, he was constantly neglected and abused as stated earlier and plaintiff file for emergency custody and custody of her son in December 2009 due to various neglect and abuses of her son. Custody was granted to plaintiff on April 21, 2010 and plaintiff picked up her son from Bellefaire JCB on April 23, 2010.

During the time plaintiff's son was in the temporary custody of FCCS, a juvenile case was filed against the plaintiff, falsely accusing her of neglect, munchausen's syndrome by proxy and plaintiff was slandered by FCCS and others. The magistrate ruled after the trial in May, 2009, that plaintiff did not neglect her son and he was adjundicated a dependent child. FCCS also didn't prove that plaintiff has munchaunsen's syndrome by proxy. Plaintiff underwent a court-ordered psychological evaluation that show that plaintiff was not mentally ill or had munchausen's syndrome by proxy. Plaintiff and her son currently resides in Columbus, Ohio in Franklin County.

## STATEMENT OF CLAIM

Franklin County, OH and its child support enforcement agency is under state and federal laws and regulations for operating child support enforcement services that they are require to follow. Employees should be trained and required to respect and not violate the constitutional rights of the citizens involved with their agency as secured in the United States Constitution. Specifically, FCCSEA is under the federal statue for child support Title IV-D of the Social Security Act and the Federal Child Support Enforcement Act of 1984 among other federal and state guidelines. The policies officially adapted and promulgated by FCCSEA was use as a moving force to deprived plaintiff of her constitutional rights under color of state law. In a letter that FCCSEA sent to plaintiff on September 20, 2010 after plaintiff called FCCSEA, client's affairs officer Chrissy Tinapple stated "in accordance with state and federal guidelines, a child support case was created on the Statewide Enforcement Tracking System (SETS) as FCCS v. Myra Tanksley". Additionally, not only was a child support case erroneously and recklessly open against the plaintiff with accruing arrearanges but enforcement actions were taken against her. However, plaintiff was never ordered to pay child support to FCCS or anybody else. Therefore, Franklin County, OH is also liable in this action and listed as a defendant for having a practice that instructs its employees to create a child support case even though a child support order may not have been established yet or as in this plaintiff's case, never was established or order. Therefore, Franklin County, OH deprived plaintiff's of her constitutional rights and is liable under Section 1983, Title 42.

Franklin County, OH and its children's services agency is under state and federal laws and regulations for operating child welfare services that they are require to follow. As stated above, employees should be trained and required to respect and not violate the constitutional rights of the citizens involved with their agency as secured in the United States Constitution. It is also a practice and custom that FCCS initiates child support orders against parents whose child(ren) are in their custody. However, there is state and federal support guidelines that must be adher to in initiating child support. Because of the plaintiff's son's SSI that defendant FCCS was receiving which according to Defendant Tiffany Hostetler was in excess of the guidelines, a motion to set child support should have never been initiated against the plaintiff from January, 2009. Plaintiff has had at least 3 motions to set child support filed against her since January, 2009. A letter sent to the plaintiff from Social Security dated January, 28, 2009 said that the plantiff's son's

SSI would be sent to FCCS after plaintiff called Social Security and informed them of the custody change. Therefore, Franklin County, OH is also liable in this action and listed as a defendant for having a practice that their employees Defendant Tiffany Hostetler who is an attorney for FCCS, Nick Soulas, Jr, who is an assistant prosecuting attorney in the Franklin County Prosecutor's office and Defendant Mark Rhea, who is an attorney for Franklin County Child Support Enforcement Agency routinely does which is filing and sustaining motions in juvenile court to set child support against parents whose children are in FCCS' custody even though as in plaintiff's case, her son's SSI that FCCS was receiving was in excess of child support guideline amount. All three of these attorneys either filed motions or were involved in trying to set child support against the plaintiff after FCCS start receiving the plaintiff's son SSI. Plaintiff has had at least 3 motions to set child support against her since FCCS start receiving her son's SSI.

1. Defendant Marilyn Brown, Franklin County Commissioner is sued both in her individual and official capacity and is responsible for establishing and implementing both official and unofficial procedures and guidelines for all agencies under her direction. Therefore, defendant is responsible for all the FCCS AND FCCSEA defendants who violated the plaintiff's constitutional rights under color state of law. Plaintiff went to defendant's office on February 5, 2010 to make a complaint and to try to get a Notice of Tort Claim form.. Plaintiff was told by an employee of the defendant's office that no form exists. On February 12, 2010, plaintiff sent out a Notice of Tort Claim to defendant's office. It was received in the defendant's office on February 16, 2010. Defendant did not respond to plaintiff at any time after plaintiff sent defendant the Notice of Tort claim.

2. Defendant Paula Brooks, Franklin County Commissioner is sued both in her individual and official capacity and is responsible for establishing and implementing both official and unofficial procedures and guidelines for all agencies under her direction. Therefore, defendant is responsible for all the FCCS AND FCCSEA defendants who violated the plaintiff's constitutional rights

- page 4 of 14 -

under color state of law. Plaintiff went to Defendant's office on February 5, 2010 to make a complaint and to try to get a Notice of Tort Claim form. Plaintiff was told by an employee of the defendant's office that no form exists. On February 12, 2010, plaintiff sent a Notice of Tort Claim to defendant's office. It was received in the defendant's office on February 16, 2010. Defendant did not respond to plaintiff at any time after plantiff sent defendant the Notice of Tort Claim.

3. Defendant John O'Grady, Franklin County Commissioner is sued both in his individual and official capacity and is responsible for establishing and implementing both official and unofficial procedures and guidelines for all agencies under his direction. Therefore, defendant is responsible for all the FCCS AND FCCSEA defendants who violated plaintiff's constitutional rights under color state of law. Plaintiff went to Defendant's office on February 5, 2010 to make a complaint and to try to get a Notice of Tort Claim form. Plaintiff was told by an employee of the defendant's office that no form exists. On February 12, 2010, plaintiff sent a Notice of Tort Claim to defendant's office. It was received in the defendant's office on February 16, 2010. Defendant did not respond to plaintiff at any time after plantiff sent defendant the Notice of Tort Claim.

4. Defendant Susan Brown is Director of Franklin County Child Support Enforcement Agency and is sued both in her individual and official capacity. Defendant is responsible for establishing and implementing state and federal guidelines that her employees are required to follow. Under the defendant's

_ page 5 of 14 _

direction, FCCSEA employees Jon Sherman and Mark Rhea violated the constitutional rights of the plaintiff under color state of law. Therefore defendant is liable under Section 1983, Title 42 USC.

5. Defendant Eric Fenner is Executive Director for Franklin County Children's Services and is sued both in his individual and official capacity. Defendant is responsible for implementing state and federal guidelines and policies that his employees are required to follow. Under the defendant's direction, FCCS employee Tiffany Hostetler violated the constitutional rights of the plaintiff under color state of law. Therefore, defendant is liable under Section 1983, Title 42 USC.

6. Defendant Jon Sherman is an enforcement support officer at Franklin County Child Support Enforcement Agency. He is being sued both in his individual and official capacity. He was the enforcement support officer for the erroneously created child support case that was open on the plaintiff as an obligor and has been the enforcement support officer for the child support case which has the plaintiff as the obligee and her son's father as the obligor which is Case No. 7032397643 and Order No. 03JU-6337 which was established in 2003 and modified in 2007. Plaintiff attempted to contact Defendant Jon Sherman on March 25, 2009 to informed him that her son was now in the temporary custody of FCCS and that FCCS was receiving his SSI. Since Defendant did not answer his phone, plaintiff left the message and information in his

- page 6 of 14 -

voicemail. After the motion to set support against the plaintiff was finally dismissed by FCCS and adopted by Magistrate William Kirby on September 23, 2009, plaintiff was distress to have received in the mail on December 17, 2009, a copy of a wage withholding order sent to Amazing Health Services from FCCSEA to start withholding $394.12 from plaintiff's pay check each month, although plaintiff was not working at Amazing Health Services at the time. Plaintiff went to the Ohio Child Support website and was horrified to see that a child support case for her to pay FCCS had been illegally and erroneously created without a support order and there was an arrearage of $1286.02. Plaintiff called Defendant Jon Sherman's office to informed him there was no order for her to pay child support and the motion to set child support was dismissed by FCCS. However, Defendant Jon Sherman did not answer the phone in his office so plaintiff left the message and information on Defendant Jon Sherman's voicemail. On December 29, 2009 Defendant Jon Sherman called and left a message on plaintiff's answering machine asking her to send the order to him. However, plaintiff did not have the magistrate's order in her possession at that time and hoped that defendant would contact FCCS or inquire to see what plaintiff had told him was accurate. That was the last time plaintiff heard anything from Defendant Jon Sherman and soon after plaintiff received a letter stating that her tax refund could be intercepted because of her being arrearages. On 1/26/10, FCCSEA attorney Mark Rhea filed yet another motion to set child support against plaintiff with the hearing scheduled for 5/3/10. A "notice to obligor of default and potential action" (Revised Code 3123.03 through 3123.062) dated 3/16/10 was sent to plaintiff from FCCSEA. The notice also stated that plaintiff's child support obligation was to be $386.39 for child support plus $77.27 for arrearages plus $7.73 for processing

charges for a total of $471.39 a month.    Plaintiff also received another letter dated 3/16/10 from the Department of Treasury informing her that her federal income tax refund of $849.00 was sent to FCCSEA. After plaintiff file for custody and custody was granted to her on April 21, 2010 and she got her beloved son back on April 23, 2010, plaintiff went to another child support hearing scheduled on May 3, 2010 and the motion was dismissed. However, the arrearages continued to increase even after plaintiff's son was back in her custody. The state of Ohio was sending plaintiff payment coupons every month.    This started in February 2010 and would also show the arrearages owed. Plaintiff received a payment coupon dated for Feb, 2010 for a monthly obligation of $394.12 with arrearages of $1,286.02 as of 12/31/2009; Plaintiff received a payment coupon dated for March, 2010 for a monthly obligation of $394.12 with arrearages of $1,680.14 as of 1/29/10; Plaintiff received a payment coupon dated for April, 2010 for a monthly obligation of $394.12 with arrearages of $2074.26 as of 2/26/10; Plaintiff received a payment coupon dated for May, 2010 for a monthly obligation of $394.12 with arrearages of $2,468.38 as of 3/31/2010; Plaintiff received a payment coupon dated for June, 2010 for a monthly obligation of $394.12 with arrearages of $2,862.50 as of 4/30/2010;  Plaintiff received a payment coupon dated for July, 2010 for a monthly obligation of $394.12 with arrearages of $3,256.62 as of 5/28/2010.  This was the last payment coupon sent to the plaintiff because the plaintiff contacted the federal government on June 1, 2010 by writing first to the White House, who referred it over to Federal Office of Child Support,  who sent an inquiry to the Ohio Office of Child Support.  Plaintiff had to take this action because the Notice of Tort Claim that was sent and received on 2/16/10 by both the Ohio Department of Job and Family Services and the

- page 8 of 14 -

Franklin County Commissioners did not stop and/or bring plaintiff relief from the unconstitutional behaviors and acts that had been done and was continually being done by the defendants. The Notice of Tort Claim form went unanswered and the plaintiff was still being harassed and charged for child support with accruing arrearages by FCCSEA even after her son was return home to her and the last motion to set child support against the plaintiff was dismissed. Plaintiff was in constant turmoil and worry about whether she would lose her driver's license, professional nursing license and be a victim of other enforcement actions. She also worried if FCCS would try to use the arrearages accrued against her to keep her from getting her son back while he was still in their custody. After plaintiff's son was return to her custody, FCCSEA was still accruing arrearages against the plaintiff. Therefore, plaintiff found it necessary to turn to the federal government and plaintiff contacted the federal government about the accruing arrearages and the ongoing violations that were being done to the plaintiff. After the Federal Office of Child Support sent an inquiry to the Ohio Office of Child Support, plaintiff was informed by the federal office of child support that the ohio agency would immediately correct the errors and that she would get her federal tax refund back, held funds will be distributed to the plaintiff and the child support account where plaintiff is the obligee would be review and the appropriate actions will be taken to try and collect the child support owed to the plaintiff. Plaintiff didn't hear from FCCSEA, so plaintiff contacted Chrissy Tinapple, Client Affairs Office for FCCSEA by phone after receiving the second letter from the Federal Office Of Child Support that informed plaintiff that the errors that made against her would be immediately corrected and if plaintiff had any further questions, plaintiff could contact Chrissy Tinapple. Plaintiff did not know when the tax

refund intercepted by FCCSEA would be return to her and by what means and plaintiff has a child support debit card but plaintiff wasn't sure if FCCSEA would be sending a check to return her refund or not and plaintiff knew there was arrears that was owe to the plaintiff even before plaintiff's son went into the temporary custody of FCCS. Tinapple told plaintiff on the phone that the tax refund was put on plaintiff's child support debit card along with the child support owed to her on June 17, 2010. Plaintiff told Tinapple no one had contacted her from FCCSEA to let her know when and how the errors would be corrected. Plaintiff also told Tinapple how awful it was to have had this happened to her, that nobody had called her from FCCSEA to discuss and that she would like a new worker on her case besides Defendant Jon Sherman. Defendant Jon Sherman is still the assigned officer to the plaintiff's valid child support case where she is the obligee. Plaintiff also requested that FCCSEA put into writing what happened. A letter dated September 20, 2010 from FCCSEA was sent to the plaintiff admitting to the errors. Defendant Jon Sherman was the enforcement support officer assigned to the case and is directly responsible for violating plaintiff's constitutional rights under color of state law. He misinterpreted the orders from Magistrate William Kirby and recklessly created and/or maintained a false child support case against the plaintiff which he clearly should have known was not valid or legal without a child support order. Defendant clearly violated federal guidelines by doing enforcement actions against someone who has not been ordered to pay child support. It is the plaintiff's federal right to not have a child support case created against her nor enforcement actions taken against her without an order for her to pay child support.

- page 10 of 14-

Plaintiff left message on defendant's voicemail telling him that he should not be taking enforcement actions against her because there was no child support order and the motion to set child support was dismissed. His misconduct and ongoing recklessness and indifference to the plaintiff's constitutional rights and to the laws and regulations governing child support enforcement caused the plaintiff to have pain and suffering, mental anguish and extreme emotional distress. Additionally, plaintiff was made to worry about further enforcement actions that could be taken against her such as loss of her driver's license, loss of her professional nursing license, etc. Plaintiff was also in turmoil about the discrepancies of the arrearages owed by the plaintiff on the Ohio Child Support Payment Central and an earlier letter sent to plaintiff that she would have to pay $471.39 a month because of arrearages. Defendant Jon Sherman deprived plaintiff of her constitutional rights while operating under clearly established guidelines, procedures and laws of which a reasonable person would have known and while acting under color of state law. Defendant deprived plaintiff of her constitutional rights and is liable under Section 1983, Title 42 USC.

7. Defendant Tiffany Hostetler is an attorney for FCCS and is sued both in her individual and official capacity. Defendant Tiffany Hostetler was trying to get a child support order against the plaintiff even though FCCS was already receiving the plaintiff's son SSI which exceeded the child support guidelines amount which Defendant Tiffany Hostetler herself told the plaintiff after plaintiff told defendant that FCCS has been receiving the plaintiff's son SSI and in what amount and how long.

Plaintiff told defendant that she had the SSI letter and defendant instructed plaintiff to fax her the SSI letter and she would dismissed the motion to set support against the plaintiff. This happened at a 7/29/09 support hearing which was continued. Plaintiff faxed a copy of the SSI letter to the defendant on August, 3, 2009 after the hearing on July 27, 2009. The next child support hearing was scheduled almost 2 months later on September 23, 2009. Because defendant directly filed a motion to dismiss the earlier motion to set support against the plaintiff which was adopted by Magistrate William Kirby on September 23, 2009, plaintiff was shocked to read in the memorandum in support defendant had file with a motion to cease payments to FCCS from the father, that plaintiff is being charged an extra two percent processing charge. The judgment entry specifically states that the motion to set child support against the plaintiff was dismissed by FCCS by way of short-form entry which he adopted. Magistrate Kirby then issued the following orders: "sustain the motion of FCCS for change of payee filed on 4/30/09 and order the child support for Marquis Tanksley in the amount of $386.30 per month, plus processing charge, as ordered in case number 03JU-6337 now be forwarded to FCCS, effective 9/23/09. Case number 03JU-6337 obligor is Jeffery Stone, the father of the plaintiff's son. Defendant had firsthand knowledge of this and was directly involved as the attorney who filed the motion for FCCS to dismiss the motion to set child support against the plaintiff. Defendant was aware that plaintiff was never ordered to pay child support on 9/23/09 and was not paying child support to FCCS, yet defendant implied in her memorandum of support that

- page 12 of 14 -

accompanied her motion to amend judgement entry that

mother (plaintiff) is being charged an extra two percent processing

charge. Defendant also requested the court to correct the clerical errors

in the judgment entry dated 9/23/09. Plaintiff believes defendant was

trying to get the court to rewrite the judgment to implied or say plaintiff

had already been ordered to pay child support and was being overcharged,

when in fact, it was the father of plaintiff's son who had already been

ordered to pay child support. Magistrate Kirby's judgement and orders

were clear that the motion to set support against the plaintiff was

dismissed by FCCS per short-form entry and the child support for

plaintiff's son in the amount of $386.39 per month, plus processing

charge, as ordered in case number 03JU-6337 now be forwarded to

FCCS, effective 9/23/09. The obligor in case number 03JU-6337

was not the plaintiff but the father of the plaintiff's son. Therefore,

Defendant Tiffany Hostetler, under color of state law abused her power,

acted recklessly with indifference and malice to violate plaintiff's

constitutional rights and plaintiff's rights under state

and federal laws. Her misconduct caused plaintiff pain and suffering, mental

anguish and emotional distress and deprived plaintiff of her constitutional rights and

is liable under Section 1983, Title 42 USC.

8. Defendant Mark Rhea is an attorney for Franklin County Child Support

Enforcement Agency. Defendant file a motion on 1/26/10 to set support

- page 13 of 14 -

against the plaintiff after a previous motion to file support against the plaintiff had been dismissed by FCCS due to the plaintiff son's SSI that FCCS was receiving was in excess of child support guideline amount. The hearing was schedule 4 months away on 5/3/10 which allow FCCSEA to continue adding arrearages to the child support case FCCSEA had erroneously created against the plaintiff. Defendant Mark Rhea added in his filing against the plaintiff Magistrate Douglas Shoemaker decision regarding plaintiff's son and him being adjundicated as dependent and in the custody of FCCS. However, defendant did not enter Magistrate Kirby's judgment and orders (which was after Magistrate Shoemaker's judgement and entry) that the motion to set support against the plaintiff was dismissed. Therefore, Defendant Mark Rhea violated plaintiff's constitutional rights under the color of state law. Defendant abused his power and acted recklessly

when he ignored the judgment and orders of Magistrate Kirby. Plaintiff believes Defendant Mark Rhea and others conspired to try to get a child support order after FCCSEA had already created a child support case against the plaintiff and had already did some enforcement actions against her without a support order. His reckless misconduct and indifference cause the plaintiff pain and suffering mental anguish and emotional distress as the plaintiff had to endured yet another motion for child support filed against her and would have to wait 4 months to defend herself. Defendant deprived plaintiff of her constitutional rights and is liable under Section 1983, Title 42 USC.

- page 14 of 14

Motion to amend and add last page 1/13/11

Therefore, plaintiff demands a jury trial and monetary damages in the amount of $250,000.00 as allowed under Section 1983 plus punitive damages from Defendants Tiffany Hostetler and Jon Sherman.

End of Statement of Claim

Thank You!

FILED
JAMES BONINI
CLERK

11 JAN 13 PM 12: 35

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IV.  Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

<u>Case Number</u>                                    <u>Caption</u>

_____        _____ vs. _____

_____        _____ vs. _____

_____        _____ vs. _____

V.  Relief

In this section please state (write) briefly exactly what you want the court to do for you.  Make no legal
argument, cite no case or statutes.

— award plaintiff Compensatory damages
    due to defendants violating her
    Constitutional Rights and loss of liberty
— award plaintiff monetary damages
    for the ongoing pain and suffering,
    mental anguish and emotional distress
    the defendants caused her.
— award plaintiff punitive damages
    Due to Defendant Tiffany Hostetler's
    Reckless ness and willful intent to change
    the 9/23/09 Judgment entry to imply plaintiff
    had been ordered to pay child support and
    Defendant Jon Sherman Recklessness and wanton
    behavior

I state under penalty of perjury that the foregoing is true and correct.  Executed on
this 11th day of _January_, 20 11.

_____
Signature of Plaintiff

-4-

# NOTICE OF TORT CLAIM

TO: **FRANKLIN COUNTY BOARD OF COMMISSIONERS**
373 S. High Street, 26th Floor
Columbus, Ohio  43215

**OHIO DEPT OF JOB AND FAMILY SERVICES**
30 E. Broad St., 32nd Floor
Columbus, Ohio 43215

After asking for and attempting to receive a Notice of Tort Claim Form or an similar form from the Franklin County Board of Commissioners' office, located on 373 S. High Street, 26th Floor in Columbus, Ohio on February 5, 2010 and speaking with Mary Jane Harper, a worker in the same office and then being sent to the Civil division on the 3rd Floor of the same building and being told that no such form exists for Franklin County government and in compliance with the law, the undersigned hereby presents this claim for federal constitutional violations of:
Section 1 of the 14th Amendment of the United States Constitution
Deprivation of Rights under Color of Law, Title 18, U.S.C., Section 242
against the following:

      **Franklin County Children's Services (FCCS)**
      **855 W. Mound Street**
      **Columbus, Ohio  43223**

      **Franklin County Child Support Enforcement Agency (FCCSEA)**
      **80 E. Fulton Street**
      **Columbus, Ohio  43215**

      **Caseworker Teresa Fawcett**
      **c/o Franklin County Children's Services**
      **855 W. Mound St.**
      **Columbus, Ohio 43223**

      **Supervisor Dennis Mong**
      **c/o Franklin County Children's Services**
      **855 W. Mound St.**
      **Columbus, Ohio  43223**

      **Attorney Tiffany Hostetler**
      **c/o Franklin County Children's Services**
      **855 W. Mound St.**
      **Columbus, Ohio  43223**

Attorney Susan Kawalec
c/o Franklin County Children's Services
Columbus, Ohio  43223

Caseworker Jon Sherman
c/o Franklin County Child Support Enforcement Agency
80 E. Fulton Street
Columbus, Ohio  43215

Attorney Mark L. Rhea
c/o Franklin County Child Support Enforcement Agency
80 E. Fulton Street
Columbus, Ohio  43215

Legal Secretary Rebecca Dowling
c/o Franklin County Child Support Enforcement Agency
80 E. Fulton Street
Columbus, Ohio  43215

Paralegal Martin Moore
c/o/ Franklin County Child Support Enforcement Agency
80 E. Fulton Street
Columbus, Ohio 43215

| | |
|---|---|
| **Name of Claimant:**<br>**Current Address**<br>**and location to send responses:** | **Myra Tanksley**<br><br>**3065 Fairwood Ave.**<br>**Columbus, Ohio, 43207** |

This claim is presented for payment of damages and immediate full custody of my son arising out of ongoing occurrences which happened as described below:

FCCS' attorney filed a motion to set child support against me for Franklin County Children's Services twice even though FCCS was already receiving my son's SSI in the amount of $497.00.  It was dismissed a few months later on September 23, 2009 after I told FCCS attorney Tiffany Hostetler that FCCS was receiving my son's SSI and the amount of money I was making a month.  She told me that the SSI FCCS was receiving

exceeds the child support guidelines and she would dismissed the motion. On December 14, 2009, I received in the mail from FCCSEA a copy of an order to withhold my wages. It was sent to a previous employer of mine. However, no judge/magistrate has ever ordered me to pay child support. Shortly thereafter, FCCSEA sent me an letter stating that my federal income refund could be intercepted for arrearages. I checked the Ohio Dept of Job and Family Services website and seen that arrearages had indeed been accruing against me even though the motion to set child support was dismissed and no judge/magistrate has ever ordered me to pay child support.

There is another child support case which I was the payee and my son's father was the payor, FCCS file a motion to have FCCS become the payee for that particular case and to dismiss the motion to set support against me and that was adopted by Magistrate Kirby on September 23, 2009. On February 9, 2010, I received a summons for a hearing to set child support, scheduled on May 3, 2010. It was filed by FCCSEA Attorney Mark Rhea for plaintiff FCCS.

I filed for emergency custody and custody of my autistic son on November 23, 2009. He has been continually neglected and abused and has suffered harm to his emotional health and physical body while being in a psych hospital and residential treatment and in their custody. Since he has been out of my custody, he has had two sets of clothes lost, was transferred from one facility to another in just house slippers by FCCS caseworkers (even though he had two pairs of shoes at the facility he was transferred from), hit in the head a few times while at a facility, acquired a sore on his toe from being walked in basketball shoes frequently without any socks on, rapidly gained a significant amount of weight resulting in generalized edema, edema & discoloration in his lower extremities, abdominal distention and permanent stretch marks. My son was also admitted and placed on a residential cottage that was not for autistic children, even though he presented with autism and the same facility has an separate cottage for autistic children. He is now on the autistic cottage after I contacted Ohio Legal Rights Services.

As stated in higher court rulings, a parent has a fundamental constitutional right in

**NOTICE OF TORT CLAIM - 3 of 5**

wanting to care for and protect their child(ren). My son is in danger, specifically his health and I was denied the right to take him back home. Shortly thereafter, FCCS attorney Susan Kalawec file a motion to extend temporary custody of my son, with the hearing scheduled for March 3, 2010, thereby denying me my right to care, protect and remove my son from danger. I also have not been able to participate in educational decisions about my son. Caseworker Teresa Fawcett falsified a document I had already filled out and signed my name to and added notations that I didn't write or authorize her to write, she has also lied in court and while under oath and she has also withheld pertinent information from the court.

Because of the recklessness, negligence and unethical behavior of the above mentioned people, my constitutional rights as a citizen and mother has been violated. Their misconduct is a blatant violation of citizen's rights that are protected by the United States Constitution.

I am seeking money damages and immediate full custody and return of my son to me for HIS BEST INTEREST and to end the mental anguish and pain and suffering that these people have inflicted on me while continually abusing and ignoring my constitutional rights. Their misconduct has caused me continous pain and suffering, mental anguish, infliction of emotional distress and the loss of a job. Also, the various neglect and abuse of my special needs child while in FCCS' custody and while in the facilities they have placed him in has cause me mental anguish and emotional pain and suffering.

The monetary amount of this claim is for the maximum amount allowed against a governmental entity and its employees and I am requesting that each separate constitutional violation be compensated as such with the immediate return of my son to me with full custody.

**NOTICE OF TORT CLAIM - 4 of 5**

DATED this _12th_ day of February, 2010

By: _Myra Tanksley_



**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ___ ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Franklin Co. Board of
Commissioners
373 S. High St. 26th Floor
Columbus, Ohio 43215

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 2820 0003 3373 7512

PS Form 3811, February 2004   Domestic Return Receipt

---

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ___ ☐ Agent ☐ Addressee

B. Received by (Printed Name)  FEB 16 2010 | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Ohio Dept of Job
and Family Services
30 E. Broad St. 32nd Floor
Columbus, Ohio 43215

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 2820 0003 3373 7529

PS Form 3811, February 2004   Domestic Return Receipt